UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          Index No.:

MARC CAZLEY,

                                Plaintiff,

                                                                                **COMPLAINT**

                -against-

COSI, INC., and MARIA CLAUDIO, individually,

                                                                        Plaintiff Demands a
                                Defendants.                             Trial By Jury

-------------------------------------------------------------------X

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, upon information and belief

complains of Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.
   §2000e *et seq*. ("Title VII") and to remedy violations of the New York State Executive Law
   and the Administrative Code of the City of New York, based upon the supplemental
   jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367, seeking
   damages to redress the injuries Plaintiff has suffered as a result of being harassed and
   discriminated against by his employer on the basis of his sex/gender, together with sexual
   harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation,
   and wrongful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. 2000e *et seq*., 28 U.S.C. §1331, §1343, and
   supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York.  28 U.S.C. §1391(b).

5. On or about May 4, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about December 4, 2018, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is brought within ninety (90) days of said Notice of Right to Sue Letter.

## PARTIES

8. Plaintiff is a male resident of the State of New York, County of Bronx.

9. At all times material, Defendant COSI, INC. (hereinafter also referred to as "COSI") was and is a foreign business corporation duly existing under the laws of the State of Delaware.

10. At all times material, Defendant COSI was and is a foreign business corporation authorized to conduct business in the State of New York.

11. At all times material, Defendant COSI was and is a foreign business corporation which does conduct business in the State of New York.

12. At all times material, Defendant COSI's principal place of business was located at 294 Washington Street, Suite 510, Boston, MA 02108.

13. At all times material, Defendant MARIA CLAUDIO (hereinafter also referred to as "CLAUDIO") was and is a "Manager" for Defendant COSI.

14. At all times material, Defendant CLAUDIO was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

15. Defendant COSI and Defendant CLAUDIO are hereinafter also referred to as "Defendants."

16. At all times material, Plaintiff was an employee of Defendants.

## **MATERIAL FACTS**

17. In or around 2013, Plaintiff began working for Defendant COSI as a "Baker" at its restaurant located at 1633 Broadway, New York, NY 10019.

18. In or around August 2016, Plaintiff was transferred to Defendant COSI's 55 Broad Street, New York, NY 10004 ("Broad Street location").

19. Shortly after Plaintiff was transferred to Defendant COSI's Broad Street location, Defendant CLAUDIO began to sexually harass him.

20. By way of example, on a consistent basis, Defendant CLAUDIO made sexually inappropriate comments towards Plaintiff. In fact, Defendant CLAUDIO regularly told Plaintiff, "**I wanna suck your dick**," "**I wish you didn't have a girlfriend**," "**I like when you open with me because then it's just you and me**," "**I love your bubble butt**," and "**I wish I had a butt like yours**." Defendant CLAUDIO also regularly asked Plaintiff, "**If you didn't have a girlfriend would you fuck me?**", "**Do you think you could lift me up and fuck me?**", and "**Do you think you could handle me?**"

21. Plaintiff repeatedly told Defendant CLAUDIO that her comments and questions made him uncomfortable. Nevertheless, Defendant CLAUDIO continued to sexually harass Plaintiff.

22. The above are just a few examples of the constant sexual harassment to which Plaintiff was subjected.

23. Similarly, as a baker, Plaintiff regularly had to bend over and pick up large bowls of dough to make Defendant COSI's bread. On a number of occasions, Plaintiff **caught Defendant CLAUDIO staring at him and his buttocks when he bent over to pick up the bowls**.

24. In or around August 2017, Defendant CLAUDIO invited Plaintiff to a family barbecue and told Plaintiff not to bring his girlfriend.  Plaintiff declined Defendant CLAUDIO's invitation.

25. On another occasion, in or around December 2017, in front of Plaintiff's coworker, Daquan Charlton, **Defendant CLAUDIO grabbed Plaintiff's buttocks as she walked past his work station.**

26. In or around late December 2017, Defendant COSI's "District Manager," Elliot Lopez, told Plaintiff to retake some of Defendant COSI's online training courses about breadmaking.  Mr. Lopez told Plaintiff to complete the trainings **by January 20, 2018**.

27. On or about January 4, 2018, Defendant CLAUDIO's incessant sexual harassment became too much to bear and Plaintiff told her, "If you continue to harass me I am going to report you." Immediately thereafter, in retaliation for Plaintiff engaging in protected activity, Defendant CLAUDIO called Mr. Lopez and falsely reported that Plaintiff threatened to hurt her. Moreover, Defendant CLAUDIO falsely reported that Plaintiff chased her into the manager's office and was threatening her.

28. Subsequently, Plaintiff called Mr. Lopez and explained that Defendant CLAUDIO was lying and that she had actually been sexually harassing him throughout his employment at Defendant COSI's Broad Street location.  As a result, Mr. Lopez came to the Broad Street location to interview Plaintiff, Defendant CLAUDIO, and other employees.

29. After completing the interviews, Mr. Lopez sent Defendant CLAUDIO home for the day.

30. Later that same day, Plaintiff called Defendants' "Director of Field HR," Joanne McKiernan, and filed a formal complaint about Defendant CLAUDIO's ongoing sexual harassment. Plaintiff told Ms. McKiernan, "[Defendant CLAUDIO] has been sexually harassing me and using graphic language at work."  Plaintiff further explained that he would provide a list of

individuals who witnessed Defendant CLAUDIO's harassment. Ms. McKiernan told Plaintiff that he did not have to tell her the graphic language that had been used and to send the list of individuals who were witnesses. Thereafter, Ms. McKiernan told Plaintiff that she and Mr. Lopez would look into his complaint.

31. That evening, Plaintiff emailed Ms. McKiernan the list of witnesses and wrote, "This is my list of people that can attest to the constant inappropriate and unprofessional behavior displayed on a daily basis by [Defendant CLAUDIO]. **Inappropriate comments, inappropriate behavior, sexual harassment, sexual advances, etc**."

32. On or about January 5, 2018, Mr. Lopez told Plaintiff that he would no longer be scheduled to work the same shift as Defendant CLAUDIO. However, from that date until Plaintiff's unlawful termination, **Plaintiff continued to be scheduled to work the same shift as Defendant CLAUDIO.**

33. On or about January 9, 2018, in further retaliation for Plaintiff's complaints of sexual harassment, Defendant CLAUDIO falsely reported to Defendant COSI's "General Manager," Rashid Moundib, that Plaintiff was recording her while at work and that Plaintiff's coworker, Rosa (last name currently unknown) was a witness. Mr. Moundib, in an effort to retaliate against Plaintiff and interfere with his protected rights, told Plaintiff that if he was recording Defendant CLAUDIO he could be fired and arrested. However, when Rosa was asked if she saw Plaintiff recording Defendant CLAUDIO she said no.

34. Defendant CLAUDIO's false report was meant to create a pretextual paper trail to terminate Plaintiff.

35. Thereafter, in further retaliation for Plaintiff's complaints of sexual harassment and refusal of Defendant CLAUDIO's sexual advances, Mr. Moundib told Plaintiff that he was mixing the

multigrain bread wrong and **forced Plaintiff to pick all of the multigrain particles out of a fifty (50) pound batch of dough**.

36. Later that same day, Plaintiff again called Ms. McKiernan and complained about the retaliation to which he was being subjected.  Ms. McKiernan told Plaintiff, "Rashid's actions seemed inappropriate and extra."

37. On or about January 18, 2018, Plaintiff received an email from Mr. Lopez in which he wrote, "I am writing as a reminder that you committed to becoming re-certified as a baker in Schoox by 1/19/2018.  I have been reviewing your progress and the system shows that you have yet to complete your original final & test and you have not even started to the new course that was assigned to you?"  As a result, Mr. Lopez wrote that he would "not be validating you as a baker since you did not hold up your end of the commitment to finish your Schoox curricula."  However, because Ms. Lopez originally told Plaintiff to complete these assignments by January 20, 2018, **Plaintiff still had another two days to complete all of the required tests and paperwork.**

38. The next day, Plaintiff went to work and spoke to Mr. Lopez.  During the conversation, Plaintiff explained to Mr. Lopez that he did not understand the previous day's email because when he was assigned the tests, Mr. Lopez told him he had until January 20, 2018.  Mr. Lopez replied, "Yeah, you are right, but the 20th is a Saturday."  Mr. Lopez then terminated Plaintiff for not completing the tests.

39. Defendant COSI's stated reason for terminating Plaintiff is pretext.

40. On or about January 19, 2018, Defendants terminated Plaintiff.

41. Defendants would not have harassed Plaintiff but for his sex/gender.

42. Defendants would not have harassed Plaintiff but for his refusal of Defendant CLAUDIO's sexual advances and for complaining of sexual harassment.

43. Defendants would not have retaliated against Plaintiff but for his sex/gender.

44. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

45. Plaintiff's continued employment, and the benefits, terms and conditions of such employment, was based on his submission to, and/or refusal of, Defendant CLAUDIO's sexual advances.

46. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered, and continues to suffer, severe emotional distress and physical ailments.

47. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

48. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants.

### AS A FIRST CAUSE OF ACTION
### UNDER TITLE VII
### <u>DISCRIMINATION</u>
### (AS TO DEFENDANT COSI ONLY)

49. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. Section 2000e *et seq.*, as amended, for relief based upon the unlawful

employment practices of the above-named Defendant. Plaintiff complains of Defendant COSI's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/gender.

51. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of his sex/gender.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## <u>RETALIATION</u>
## (AS TO DEFENDANT COSI ONLY)

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

54. Defendant COSI engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW
## <u>DISCRIMINATION</u>

55. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's . . . sex. . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his sex/gender, sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, and unlawful termination.

58. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

### AS A FOURTH CAUSE OF ACTION
### UNDER STATE LAW
### RETALIATION

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person before he has opposed any practices forbidden under this article."

61. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of his opposition to Defendants' unlawful actions.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW
## AIDING AND ABETTING

62.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63.  New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

64.  Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

65.  Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66.  The Administrative Code of City of New York, Title 8, §8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee of agent thereof, because of the actual or perceived …gender… of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

67.  Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of his sex/gender,

together with sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation, and wrongful termination.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

68. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

69. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

70. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff, including but not limited to terminating Plaintiff because he opposed Defendants' unlawful employment practices.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII, the New York State Executive Law, and the Administrative Code of the City of New York on the basis of his sex/gender, together with sexual harassment, *quid pro quo* sexual harassment creating a hostile work environment, retaliation, and unlawful termination;

B. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:  New York, New York
January 8, 2019

**Phillips & Associates, PLLC**
*Attorneys for Plaintiff*

By:

Gregory W. Kirschenbaum, Esq.
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431